CASANUEVA, Judge,
concurring.
I concur with the judgment of the court. I write to discuss the evidentiary issue regarding the admissibility the 911 telephone call to the Pasco County Sheriffs Office. Although I conclude the admission of the 911 call was error, upon review of the trial record, its admission was harmless under State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
At trial, the taped 911 telephone call made by Mr. Franzen, Sr., the appellant’s father, to the Pasco County Sheriffs Office was admitted as evidence under section 90.803(6), Florida Statutes (1995), over defense objection. During the 911 telephone call, Mr. Franzen, Sr., reported that the appellant had stolen his firearm while burglarizing his home. Additionally, he indicated that the appellant had previously been in trouble for “possession.”
Section 90.803(6), frequently referred to as the business record exception to the hearsay rule, permits the admissibility of qualifying business records and business entries in evidence. To qualify for admission, the proponent of the evidence must provide a predicate. Included within the predicate is the requirement that the source of the information be an employee or agent of the business possessing the requisite knowledge of the data or information. “If the initial supplier of information is not acting within the course of the business, the information cannot qualify for admission.” Quinn v. State, 662 So.2d 947, 953 (Fla. 5th DCA 1995).
Here, Mr. Franzen, Sr., was neither an employee of the Pasco County Sheriffs Office nor was he under a business duty to report the information accurately. Thus, it cannot be said that he was acting within the course of sheriff office’s business.. Therefore, I conclude the taped 911 telephone call was improperly admitted as evidence under section 90.803(6).